**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Kristen Schmitt,<br><br>        Plaintiff,<br><br>v.<br><br>Platinum B Services, LLC, and,<br>PDL Support.com, LLC,<br><br>        Defendants. | <u>COMPLAINT</u><br><br><br><u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1.  This action arises out of Defendants' violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") and the invasions of Plaintiff's privacy by Defendants in their efforts to collect a payday loan.

**JURISDICTION**

2.  Jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  For the pendent state law claim, pursuant to 28 U.S.C. § 1367.  The Court has authority to issue declaratory judgments pursuant to 28 U.S.C. § 2201.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred here.

**TRIAL BY JURY**

4.  Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PARTIES

5.   Plaintiff Kristen Schmitt is an adult resident of Hennepin County, Minnesota, and a person under the TCPA.

6.   Defendant Platinum B Services, LLC ("Platinum"), is a Missouri limited liability company.  Its registered agent is FC Missouri Services, Inc., 8518 North Palmer Court, Kanas City, MO 64157.

7.   Defendant PDL Support.com, LLC ("PDL"), is a Missouri limited liability company.  Its registered agent is FC Missouri Services, Inc., 8518 North Palmer Court, Kanas City, MO 64157.

## FACTUAL ALLEGATIONS

8.   Plaintiff applied for and obtained a short-term loan from Bottom Dollar Payday ("Bottom Dollar").  Bottom Dollar is not licensed to provide consumer short-term loans, a/k/a payday loans, in Minnesota as required by Minnesota law, Minn. Stat. § 47.601.

9.   Plaintiff did not expressly consent to being called using an automated telephone dialing system (ATDS) as that term is defined by the TCPA or to receiving prerecorded messages when she applied for the loan with Bottom Dollar.

10.  At no time since Plaintiff obtained a loan from Bottom Dollar has Plaintiff given express consent to call her cellular telephone number using an ATDS or to leave prerecorded messages.

11.   A payment was due on the loan on May 4, 2012.   On April 30, 2012, Plaintiff sent Defendants an email in response to payment reminder she received from Defendants which stated, "I request you to not contact me at work or phone, but by email or mail only."   A copy of the email is attached as Exhibit A.

12.   On May 9, 2012, Plaintiff received an automated message from Defendants at 8:04 am and 10:58 am.   The message stated, "Hello, this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

13.   On May 9, 2012, Plaintiff received an email from Defendants titled, "Urgent Notice from Bottom Dollar."   Plaintiff responded to this email at 11:37 am on May 9, 2012 stating, among other things, "I have requested to NOT be contacted by phone in which you have violated by continuing to call me with automated messages and harassment practices."   She also included a copy of the text from her April 30, 2012, email message.   A copy of Defendants' email and her response is attached as Exhibit B.

14.   When 866-722-2770 is called an automated message is played which starts out, "Thank you for calling Platinum B Services …."

-3-

15. Based on information and belief, PDL and Platinum are alter egos of each other and control Bottom Dollar.  *See* Complaint by Arkansas Attorney General against Josh Mitchem against PDL Support, LLC, and Platinum B Services, LLC, attached as Exhibit C.

16. From May 9, 2012, at 12:35 pm to May 30, 2012, Defendants made an additional 85 non-emergency calls to Plaintiff's cellular phone using an ATDS and leaving a pre-recorded message, for a total of 87 calls.  A call log showing the date and time of each call is attached as Exhibit D.

17. Every message was identical and indisputably prerecorded because when Plaintiff picked up the phone the message that was left on her voicemail was the same message that she heard.  A live person was not delivering the message.

18. Defendants placed as many as seven (7) in a day to Plaintiff.

19. On May 24, 2012, Plaintiff received an email from Defendants, which is attached as Exhibit E.

20. Despite Plaintiff's explicit demands to cease calling her, Defendants continued to make calls to Plaintiff's cellular telephone using an ATDS and leaving prerecorded messages.

21. Defendants willfully and/or knowingly violated the TCPA by not attempting to determine whether the number they were calling was for a cellular

telephone before they called the cellular telephone using an ATDS and leaving a prerecorded message.

22. Defendants willfully and/or knowingly violated the TCPA by calling Plaintiff's cellular telephone using an ATDS and leaving a prerecorded message without her prior express consent.

23. Defendants willfully and/or knowingly violated the TCPA by placing repeated calls to Plaintiff's cellular telephone using an ATDS and leaving a prerecorded message after she requested that Defendants not contact her by phone.

## COUNT I

### VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT OF 1991
### 47 U.S.C. § 227

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants called Plaintiff's cellular telephone using an ATDS as that term is defined by the TCPA and interpreted by the Federal Communications Commission (FCC).

26. Defendants violated the TCPA by using an ATDS to call Plaintiff's cellular telephone and leave a prerecorded message without Plaintiff's express consent.

27.   Defendants' calls to Plaintiff's cellular telephone were not for an emergency purpose.

28.   Despite the numerous demands by Plaintiff to not call her cellular telephone, Defendants continued to use an ATDS to call Plaintiff on her cellular phone and leave prerecorded messages.

29.   Defendants willfully or knowingly violated the TCPA by making non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS and leaving prerecorded messages without Plaintiff's prior express consent.

30.   Defendants willfully or knowingly violated the TCPA by making non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS before determining whether they were calling a cellular telephone.

31.   Defendants willfully or knowingly violated the TCPA by making non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS and leaving prerecorded messages after she explicitly told Defendants not to call her.

32.   Defendants willfully or knowingly violated the TCPA by making non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS and leaving prerecorded messages after she explicitly told them to stop calling her and leaving automated messages.

33.   Pursuant to 47 U.S.C. § 227(b)(3)(B), a person is entitled to statutory damages of $500, or her actual monetary damages, for each violation.

34.   Pursuant to 47 U.S.C. § 227(b)(3), a court may award a person up to three times Plaintiff's damages if the court finds that the violation was willful or knowing.

35.   Pursuant to 47 U.S.C. 227(b)(3)(A), a person may enjoin a party from continuing to violate the TCPA.

## COUNT II

## INVASION OF PRIVACY

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   When Congress passed the Telephone Consumer Protection Act of 1991, it found that "[e]vidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy."  Telephone Consumer Protection Act of 1991, PL 102-243, § 2(10) (December 20, 1991).  It also said, "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."  *Id*. at § 2(12).

38.   Automated calls to a consumer's cellular phone are an even greater nuisance and invasion of privacy than automated calls to a consumer's home residential telephone because a consumer typically keeps his or her phone on his or her person at all times.

39.   Plaintiff generally keeps her cellular phone on her person at all times.

40.   Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff by repeatedly and unlawfully calling her cellular phone using an ATDS and leaving a prerecorded message.

41.   Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

42.   The conduct of Defendants occurred in a way that would be highly offensive to a reasonable person in that position because, among other things, Defendants called Plaintiff on her cellular phone using an ATDS without her consent, called her 87 times in 3 weeks using an ATDS and left a prerecorded message, called her up to 7 times a day using an ATDS and left a prerecorded message, and called her after Plaintiff told Defendants on two occasions to not call her.

43.   As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Defendants for the following:

I.        Statutory damages of $500 for each violation of the TCPA pursuant to

47 U.S.C. § 227(b)(3);

II.       Additional statutory damages of $1,000 for each knowing and willful

violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

III.      An order enjoining Defendants from continuing to call Plaintiff's

cellular phone using an ATDS or leaving prerecorded messages;

IV.      Damages for invading Plaintiff's privacy; and,

For such other and further relief as the Court may deem just and proper

**CHAMPION LAW LLC**

Dated: June 8, 2012

*s/ Curtis P. Zaun*
Curtis P. Zaun (266310)
curtis@champion-law.com
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
612-200-5999
612-200-5970 (fax)

**Attorney for Plaintiff**